UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CARY JOSEPH HEATH,**

Petitioner,

v.                                                    **No. 4:24-cv-1132-P**

**DIRECTOR, TDCJ**

Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Cary Joseph Heath under
28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered
the petition, the response, the reply, the record, and applicable
authorities, concludes that the petition must be **DISMISSED**.

## BACKGROUND

Petitioner is serving a term of imprisonment of life imposed by a jury
following his capital murder conviction in Case No. 1474853D in the
213th Judicial District Court, Tarrant County, Texas. ECF No. 11-28 at
5–7. Petitioner appealed and the judgment was affirmed on September
9, 2021. *Heath v. State*, No. 01-19-00794-CR, 2021 WL 4095243 (Tex.
App.—Houston [1st Dist.] Sept. 9, 2021, pet. ref'd). On December 8,
2021, the Texas Court of Criminal Appeals ("CCA") refused his petition
for discretionary review. *Id.*

On June 14, 2023, Tresa Heath signed and filed a state application
for writ of habeas corpus on behalf of Petitioner. ECF No. 11-28 at 11–
34. On August 3, 2023, a criminal law magistrate issued findings and an
order recommending that relief be denied. *Id.* at 228–29. The district
judge adopted the findings and recommendation that same day. *Id.* at
230. On October 4, 2023, the CCA denied the application on the findings
of the trial court and on its own independent review. ECF No. 11-22. On

October 27, 2023, Petitioner filed a motion for reconsideration, which the CCA dismissed on October 30, 2023. ECF No. 11-23.

On February 2, 2024, Tresa Heath signed and filed a second state habeas application on behalf of Petitioner. ECF No. 11-33 at 11–29. On April 24, 2024, the CCA dismissed the application without written order as subsequent. ECF No. 11-30.

On April 5, 2024, Petitioner signed a third state habeas application, ECF No. 11-38 at 31, which was not filed until May 1, 2024. *Id.* at 11. On July 17, 2024, the CCA dismissed the application without written order as subsequent. ECF No. 11-34.

On October 11, 2024, Petitioner signed his federal application for writ of habeas corpus, ECF No. 1 at 11,[1] but mailed it to the United States Court of Appeals for the Fifth Circuit, *id.* at 78, which received is on October 17, 2024. *Id.* at 1. On November 13, 2024, Petitioner remailed the application to the clerk of this Court, *id.* at 80, and it was file-marked November 19, 2024. *Id.* at 1.

## GROUNDS OF THE PETITION

Petitioner asserts a number of grounds in support of his petition. ECF No. 1. The Court need not describe them here.

## STATUTE OF LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[1] The page number references to the federal habeas application are to "Page __ of 85" reflected at the top right corner of the document on the Court's electronic filing system.

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies

principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

In this case, Petitioner's judgment became final on March 8, 2022, upon the expiration of the time for filing a petition for writ of certiorari. Sup. Ct. R. 13.1; *Gonzalez v. Thaler,* 565 U.S. 134, 149–50 (2012). Absent tolling, the deadline for filing a federal habeas application was March 8, 2023. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (Fed. R. Civ. P. 6(a) applies to computation of limitation period). Petitioner did not file a state habeas application within the year after his judgment became final; therefore, he is not entitled to statutory tolling due to the state proceedings. *Scott*, 227 F.3d at 263.

Petitioner contends that he did not learn of the factual predicate for his petition until September 27, 2022, when his attorney allegedly showed him Dr. Fabian's report. ECF No. 1 at 9. He cannot dispute that he had factual knowledge of the report because he was interviewed by Dr. Fabian prior to trial and is the one who provided the bulk of the

4

information in the report. In particular, the theory that Petitioner was slipped drugs or involuntarily ingested them is one he suggested to Dr. Fabian. *Id.* at 61. Petitioner "is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." *Flanagan,* 154 F.3d at 199. The report does not change the character of the claim and does not entitle Petitioner to tolling. Neither does the notarized statement of Tristen Heath. ECF No. 2. Petitioner's son simply recites what Petitioner allegedly told him on the night of the murders.

Even if the time for filing his federal application should have run from September 27, 2022, it is still not timely. Petitioner did not file his first state habeas application until June 14, 2023, after 259 days had elapsed. His first state application, which was denied October 4, 2023, would have tolled limitations for 113 days.[2] He then had 105 days remaining, until January 17, 2024, in which to file his federal application. Even giving Petitioner the benefit of the date he sent his federal application to the Fifth Circuit, October 11, 2024, it was filed way too late.

As stated above, equitable tolling applies only in rare and exceptional circumstances, principally where the petitioner is actively misled by the State or is prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999). Equitable tolling is the exception, not the rule. *Rotella v. Wood*, 528 U.S. 549, 561 (2000). To meet his burden, Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Here, Petitioner does not aver that he exercised any diligence at any pertinent time. He makes the conclusory allegation that the State

---

[2] His motion for reconsideration, which was not timely filed, does not entitle Petitioner to further tolling. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001).

obstructed him from obtaining evidence, but he does not provide any evidence to show that the State in any way prevented him from pursuing habeas relief. ECF No. 1 at 10. He refers to "PTSD, Bipolar disorder, and other[] mental health disorders," *id.* at 9, but again provides no evidence to show that those conditions, if true, prevented him from timely filing his petition here or in state court. Dr. Fabian's report, upon which he relies, reflects that Petitioner has an above-average IQ and his brain functioning is intact. *Id.* at 58. Petitioner has not shown that (1) he is incompetent, and (2) his incompetence affected his ability to timely file his federal habeas petition. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Finally, his complaints about the attorney he hired to help him amount to garden-variety negligence that do not support equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 848–49 (5th Cir. 2002); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citing *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Finally, Petitioner alleges that he is entitled to tolling because he is actually innocent of capital murder. ECF No. 1 at 10. As discussed, he has not cited any "new evidence." Moreover, the "evidence" upon which he purports to rely does not establish factual innocence, but only that Petitioner was sorry for what he had done. *See* ECF No. 2.

## CONCLUSION

For the reasons discussed, Petitioner's motion for statutory and equitable tolling is **DENIED** and his application is **DISMISSED**. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day of February 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE